### The Town of PUTNEY v. The Town of DUMMERSTON.

In a case where the law would not raise a promise, from the facts alleged in the declaration, and proof of an express promise is necessary to give a right of action, it is error in the court to instruct the jury, that, if they find all the facts alleged in the declaration proved, the plaintiff is entitled to a verdict, though no actual or express promise is proved.

If there was no evidence in such case tending to prove an express promise, the court should have directed a verdict for the defendant.

ASSUMPSIT, in two counts. The first count was in common form for money paid, laid out and expended.

In the second count, the plaintiffs alleged, in substance, that on the 27th of November, 1837, Avis Atwood, a stranger, came to reside in Dummerston, and, without having gained a settlement there, became chargeable as a pauper; that, upon complaint made of the overseers of the poor in Dummerston to two justices of the peace, said justices made an order for the removal of said Avis to the town of Putney, under which order she was removed to Putney, on the 30th of November, 1837, and left with one of the overseers of the poor in Putney; that an appeal was duly taken from said order of removal to the county court, and such

proceedings therein had, that, at the September term of the county court, 1838, said court decided that the pauper was unduly removed ; that from the time of the rendition of said judgment by the county court to the day of the commencement of this suit, the town of Putney supported said pauper, and during said time expended for her support the sum of thirty dollars, in consequence of the neglect of the town of Dummerston to remove her, of which the town of Dummerston, on the day of the commencement of this suit, had notice, and by means of the premises became liable to pay the town of Putney said sum of thirty dollars, and in consideration thereof then and there promised the town of Putney to pay them said sum of thirty dollars when afterwards requested, but had neglected and refused so to do, though often requested.

Plea, non assumpsit, and trial by jury.

On the trial of the issue, the plaintiffs introduced testimony proving all the facts set forth in the second count, but gave no testimony tending to prove an express promise on the part of the defendants, to pay for the support of the pauper.

The defendants requested the county court to charge the jury, that, unless they found an actual promise, on the part of the defendants, the plaintiffs could not recover. But the court instructed the jury, that, if they found all the facts set forth in the second count proved, their verdict should be for the plaintiffs, though no promise in fact on the part of the defendants was proved.

The jury returned a verdict for the plaintiffs and the defendants excepted to the charge of the court.

The defendants also moved in arrest of judgment for the insufficiency of the declaration, which motion was overruled by the county court, and the defendants also excepted to that decision.

*A. Keyes* and *D. Kellogg*, for defendants.

There was error in the charge of the county court. It is a settled principle, in the jurisprudence of this state, that no action can be maintained against a town for relief to the poor, unless the statute expressly gives the action, or there is an express contract by the overseers made within the pow-

er vested in them by statute. *Middlebury* v. *Hubbardton,* 1 D. Chip. R. 205. *Jamaica* v. *Guilford,* 2 do. 103. *Aldrich* v. *Londonderry,* 5 Vt. R. 441. *Ives* v. *Wallingford,* 8 Vt. R. 209. *Houghton* v. *Danville,* 10 do. 537.

If, then, no action can be sustained on an implied assumpsit, or rather if the law does not imply an assumpsit, we were entitled to the charge requested ; for it is the duty of the court to direct the jury upon all matters of law controlling the case on trial.

—— ——, for plaintiffs.

The opinion of the court was delivered by

BENNETT, J.—It appears, from the bill of exceptions, that the facts stated in the second count in the declaration were proved, though no evidence of an *express* promise was given. It was proved, then, that the pauper came to reside in Dummerston, but had no legal settlement in that town, and that after becoming chargeable, she was removed to Putney under an order of two justices, which had been appealed from and reversed. After the reversal, the pauper remained in Putney and was supported by that town ; and it is for this support that the plaintiffs claim to recover. The obligation upon a town to support their poor arises from the statute, and to enable an individual to maintain an action for the support of a pauper, it must appear that the pauper was supported at the request of the town, or that there had been a subsequent express promise to pay. *Aldrich* v. *Londonderry,* 5 Vt. R. 441. *Houghton* v. *Danville,* 10 Vt. R. 537. Though the pauper had no settlement in Dummerston, yet, as one of their poor, they were bound to afford her relief so long as she remained such, and if we regard her as such after the order of removal was reversed, still, the town of Dummerston could not be liable to Putney, without proof that she was supported at their request, or of a subsequent promise. No request is alleged in the declaration and none proved ; and if the plaintiffs can have any plausible ground upon which to recover, it must be upon the ground of an *express promise.* The declaration sets forth a *promise,* but from that we cannot learn whether the plaintiffs relied upon an *implied,* or an *express* promise. When the testimony was,

WINDHAM,
*February,*
1841.

all put in, it was the right of the defendant to call upon the court to instruct the jury, that, unless they found an *express* promise proved, the plaintiffs were not entitled to a verdict. In this case, as no evidence tending to prove an express promise was given, they should have been directed to return a verdict for the defendants.

It has been the practice of some of the judges in this state, in cases where the general issue is pleaded, and the declaration is proved, to direct a verdict for the plaintiff, though it is perfectly manifest, and about which there can be no possible question, that all the facts which the plaintiff has stated in his declaration, and proved on trial, give him no right of recovery. Such a practice should not, at all events, be extended to a case like the present. Here it was material to prove an *express promise*, without which there could be no possible ground of recovery. For aught that appears from the declaration, there might have been an express promise. We think there was error in the charge of the county court in neglecting to give the instructions desired. For this cause the judgment of that court is reversed; the effect of which will be to open the case again for trial by the jury, and there is no occasion to pass upon the motion in arrest for insufficiency of the declaration.