TOWN OF EDEN *v.* TOWN OF DANVILLE.

January Term, 1939.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed February 7, 1939.

*Fleetwood & Parker* and *Shangraw & Brown* for the plaintiff.

*Sterry R. Waterman* for the defendant.

SHERBURNE, J. The declaration charges that the defendant town brought two paupers into plaintiff town with intent to charge such town with their support, when such town was not liable for their support. It does not show whether such paupers were brought from another town in the State or from without the State. The declaration was demurred to, and the demurrer was sustained and the declaration was adjudged insufficient.

In discharging its duty toward the poor the defendant town could only act through its overseer of the poor, or possibly its selectmen, but they were not its agents for any such purpose as here charged and their appointment conferred no such authority upon them. In doing the acts charged they were acting outside of their authority, and in direct violation of their duty, so that their acts could not bind the town. *Town of Chelsea* v. *Town of Washington,* 48 Vt. 610, 615.

Our attention is called to *Town of Sheldon* v. *Town of Fairfax,* 21 Vt. 102. There a number of towns had been associated in supporting their poor upon a farm in the plaintiff town purchased by the several towns for that purpose. When the arrangement was later terminated one of the defendant's paupers was still on the farm and defendant refused to remove her or be responsible for her support, and as she had no legal settlement in defendant town under the then law she could not be removed. An action of trespass on the case was held to lie, and the Court said (page 108) : ''Because the liability of towns for the support of their own poor is regulated by statute, and cannot be directly enforced against them but in the cases and in the manner pointed out by statute, it does not follow, that they may, by fraud, or force, or by other culpable misconduct, divest themselves of the burden, which the law has thus imposed on them, and cast it with impunity upon others. They should be held to the observance of the same course of honesty and fair dealing in the

management of their paupers, that would be required of them in regard to any other matter; and we do not perceive, why a town should be excused for a misfeasance, or nonfeasance, which would otherwise render it liable to an action, because the instrument of its misconduct happened to be a pauper.''

This case presents a situation easily distinguishable from the one before us. There it is clear that the agents of the defendant town of Fairfax were acting within their authority in making the arrangement with the other towns, so that when the arrangement terminated there could be no question about the resulting responsibility. Here the agents of the defendant town had no authority to act in the manner charged.

The declaration cannot be amended so as to charge liability under either P. L. 3950 or P. L. 3953. P. L. 3950 provides that:

> ''A person who brings a poor and indigent person from any town in the state to another town in the state, or aids therein, with intent to charge such town with his support, shall forfeit to such town a sum not exceeding five hundred dollars; and, if such town is not liable for the support of such poor and indigent person, the person making such removal, or aiding therein, also shall be liable, from time to time, to pay such town such damages as accrue for the support of such poor person, which, as well as the penalty, may be recovered in an action of tort, on this statute, in the name of the town.''

P. L. 3953 provides:

> ''A person who brings from without the state and leaves in a town in the state, or so brings with intent to leave, a poor and indigent person having no visible means of support, knowing such person to be poor and indigent as aforesaid, or hires or procures such person to be so brought, or aids or assists therein, with intent to charge such town with the support of such person, shall be imprisoned not more than one year or fined not more than five hundred dollars nor less than one hundred dollars, and shall be further liable to the town

for such sums of money as are expended by it for the support and maintenance of such person, which may be recovered in an action of tort, on this statute."

Although P. L. 28 provides that "the word 'person' may extend and be applied to bodies corporate and politic," it is clear from the context that the word "person" as used in these sections of the statutes does not mean a town.

*Judgment affirmed.*