### State of Vermont v. Vermont Emergency Board

[394 A.2d 1360]

No. 98-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed October 30, 1978

M. *Jerome Diamond*, Attorney General, *Paul F. Hudson* and *Richard A. Unger*, Assistant Attorneys General, Montpelier, for Plaintiff.

*Brownell & Hoyt*, Norwich, for Defendant.

**Larrow, J.** This is an appeal from an interlocutory order under V.R.A.P. 5(b). The defendant Board appeals from a determination of probable cause by the trial court, and from denial of its motion to dismiss the information. That information, brought by the Attorney General, charged the Vermont Emergency Board (alleged to have acted through four of its five members) with meeting and discussing business of the state without a preceding public notice of the meeting, in violation of 1 V.S.A. § 312.

The facts are not disputed by the parties; however, their status as probable cause and basis for prosecution are. The "meeting" in question was held November 9, 1977, in Montpelier. Two designated members of the Board were physically present. Two participated by long distance telephone conference call. The fifth member, the Governor, was out of state and did not participate in any fashion. The Lieutenant Governor, although within the state, was never contacted. The Secretary of Civil and Military Affairs, designated as Board secretary, was not present and did not participate. No advance public notice was given. Payment of a substantial sum, due November 15, 1977, on bonds of the Whey Pollution Abatement Authority, was authorized, and subsequently made. Participating members agreed they would ratify this action at the next scheduled meeting on December 13, and they subsequently did so.

The trial court has certified to us five questions. Without reciting them at length, because we do not regard them all as essential to disposition of the pending appeal, they raise the general subjects of status of the Emergency Board as a "person" subject to prosecution, its ability to violate 1 V.S.A.

§ 312 and incur the penalty set out in 1 V.S.A. § 314, the application of the doctrine of sovereign immunity, whether the Board is a "board or commission of any state agency" within the meaning of 1 V.S.A. § 312, and whether a "meeting" of the Board can be held without all five designated members being personally present.

■■■ We hold, in short, that the purported "meeting" was not one in fact or law, and that the Emergency Board is not a "person" within the meaning of 1 V.S.A. §§ 312, 314. These holdings dispose of the subject matter of the appeal completely, so that further discourse on the subject matter would border on the advisory.

We are directed to no authority, by either party, dealing with the subject of attendance at a "meeting" through the medium of a telephone conference call. However useful its role in formulating policy, it has serious drawbacks as a means of putting that policy into effect. Questions of identity of a claimed participant could easily arise. The personal contact that is so often an effective ingredient of a meeting is absent. Whatever may be the future status of such participation, if and when specifically authorized, we cannot countenance it now, in the absence of some clear provision for it. Immediately suggested is the rhetorical question of how public participation in such a meeting, the goal of the legislation here under consideration, could ever be achieved, even with the advance notice contemplated by the statute. Not only the "right-to-know" is protected by the statute, but also the right to be present, to be heard, and to participate.

We are not prepared to hold, as appellant would have us, that the presence of each member of the Board is required to transact business and to constitute a meeting. Rather, in our view, the matter is governed by 1 V.S.A. § 172, which provides that when joint authority is given to three or more, the concurrence of a majority of such number shall be sufficient and shall be required in its exercise. Under 1 V.S.A. § 101, this construction is to be observed, as not inconsistent with the manifest intent of the General Assembly or repugnant to the context of the statute being construed. We view "concurrence" as involving physical presence, not merely a state of mind, plus an expressed assent. Not controlling, but note-

worthy, is the fact that the Board seemingly took a similar view, and took pains to ratify its November 9 action at its regular December meeting.

The "manifest intent" of the General Assembly, made the construction keystone by 1 V.S.A. § 101, is also controlling with respect to the question of whether the Board is a "person" subject to prosecution, as an entity, under 1 V.S.A. § 314. Apart from the incongruity of the state levying a fine against itself and making payment of the fine to itself, the deterrent effect of which is imperceptible, the meetings referred to in 1 V.S.A. § 312, so far as applicable, are "meetings of any board or commission of any state agency or authority . . . or of any committee of any of the foregoing boards or commissions." The Emergency Board has no connection with any state agency or authority; it is composed of the Governor and four legislative chairmen, *ex officio*.

Our conclusion that the Board is not a "person" capable of prosecution as an entity is strengthened by examination of somewhat parallel legislation, contained in 1 V.S.A. chapter 5, subchapter 3, §§ 315–320, relating to access to public records. This follows subchapter 2, which we are here considering. By contrast, § 317, in setting out definitions for purposes of subchapter 3, specifically includes as subject to the legislation "any agency, board, department, commission, committee, branch or authority of the state." The penalties under the public records law are civil in nature, and the entities subject to those penalties are far more broadly defined. We conclude that the legislative intent is apparent. When specific legislation, on similar subject matter, was intended to apply to any committee as an entity, that intent was clearly expressed by use of the word "committee" without qualification. But where, as in § 312, the "committee" was limited to one attached to a board or commission of any state agency or authority, we think it clear that application to a board without such agency or authority attachment, like the one here in question, was not intended. General applicability, contended for by the prosecutor, cannot be supported where clearly expressed in similar legislation, but absent from the legislation here considered. The context precludes such interpretation. Cf. *Town of Eden* v. *Town of Danville*, 110 Vt. 242, 4 A.2d 341 (1939).

Our disposition of the two questions discussed, *supra,* makes unnecessary any discussion of the remaining questions certified. Our holdings are dispositive of the subject matter of the litigation.

*The order denying defendant's motion to dismiss is reversed, and the cause remanded for entry of an order dismissing the information with prejudice.*