

# THE ATTORNEY GENERAL
## OF TEXAS

December 11, 1986

**JIM MATTOX**
**ATTORNEY GENERAL**

Mr. Karl E. Bishop
Executive Director
Texas Board of Licensure for
   Nursing Home Administrators
4800 N. Lamar
Austin, Texas   78756

Opinion No.   JM-584

Re:   Whether the Texas Board of
Licensure    for    Nursing    Home
Administrators may hold meetings
by teleconference call

Dear Mr. Bishop:

You ask whether the Texas Board of Licensure for Nursing Home
Administrators may occasionally meet and vote on cases by teleconference call.  You in essence ask whether a meeting by teleconference
call would comply with the Texas Open Meetings Act, article 6252-17,
V.T.C.S.

The Open Meetings Act provides in part:

> Section 1.  As used in this Act:
>
> (a)  'Meeting' means any deliberation between a
> quorum of members of a governmental body at which
> any public business or public policy over which
> the governmental body has supervision or control
> is discussed or considered, or at which any formal
> action is taken.  It shall not be construed that
> the intent of this definition is to prohibit the
> gathering of members of the governmental body in
> numbers of a quorum or more for social functions
> unrelated to the public business which is con-
> ducted by the body or for attendance of regional,
> state, or national conventions or workshops as
> long as no formal action is taken and there is no
> deliberation of public business which will appear
> on the agenda of the respective body.
>
> . . . .
>
> Sec. 2.  (a)  Except as otherwise provided in
> this Act or specifically permitted in the
> Constitution, <u>every regular, special, or called
> meeting or session of every governmental body
> shall be open to the public;</u> and no closed or

executive meeting or session of any governmental body for any of the purposes for which closed or executive meetings or sessions are hereinafter authorized shall be held <u>unless the governmental body has first been convened in open meeting or session</u> for which notice has been given as hereinafter provided and during which open meeting or session the presiding officer has publicly announced that a closed or executive meeting or session will be held and identified the section or sections under this Act authorizing the holding of such closed or executive session.

. . . .

Sec. 3A. (a) Written notice of the date, hour, <u>place</u>, and subject of each meeting held by a governmental body shall be given before the meeting as prescribed by this section, and any action taken by a governmental body at a meeting on a subject which was not stated on the agenda in the notice posted for such meeting is voidable. <u>The requirement for notice prescribed by this section does not apply to matters about which specific factual information or a recitation of existing policy is furnished in response to an inquiry made at such meeting, whether such inquiry is made by a member of the general public or by a member of the governmental body.</u> Any deliberation, discussion, or decision with respect to the subject about which inquiry was made shall be limited to a proposal to place such subject on the agenda for a subsequent meeting of such governmental body for which notice has been provided in compliance with this Act.

Sec. 4. (a) Any member of a governing body who wilfully calls or aids in calling or organizing a special or called meeting or session which is closed to the public, or who wilfully closes or aids in closing a regular meeting or session to the public, or who wilfully participates in a regular, special, or called meeting or session which is closed to the public where a closed meeting is not permitted by the provisions of this Act. . . .

(b) Any member or group of members of a governing body who conspire to circumvent the provisions of this Act by meeting in numbers less than a quorum for the purpose of secret

> deliberations in contravention of this Act shall
> be guilty of a misdemeanor. . . .   (Emphasis
> added).

V.T.C.S. art. 6252-17.

The Open Meetings Act does not expressly address the conduct of a meeting by telephone conference call. You ask only about occasional teleconference call meetings by the Board of Licensure for Nursing Home Administrators, but our answer cannot be so limited and will apply to all meetings of all governmental bodies subject to the act. In construing the Open Meetings Act, we are mindful that its intended purpose is to open governmental decision-making to the public. See Cox Enterprises, Inc. v. Board of Trustees of the Austin Independent School District, 706 S.W.2d 956 (Tex. 1986).

The act defines a "meeting" as "any deliberation between a quorum of members of a governmental body" at which certain matters are discussed or at which any formal action is taken. V.T.C.S. art. 6252-17, §1(a). Deliberations by telephone call would fit this definition; a Texas court has in fact indicated that members of a governmental body would violate the Open Meetings Act by holding secret deliberations by telephone. See Hitt v. Mabry, 687 S.W.2d 791 (Tex. App. - San Antonio 1985, no writ); Elizondo v. Williams, 643 S.W.2d 765 (Tex. App. - San Antonio 1982, no writ) (school board members enjoined from conducting telephone conferences to discuss public business or public policy). See also Stockton Newspapers, Inc. v. Members of the Redevelopment Agency of the City of Stockton, 214 Cal. Rptr. 561 (Cal. App. 3d 1985); Minnesota Education Association v. Bennett, 321 N.W.2d 395 (Minn. 1982); Board of Trustees, Huntley Project School District No. 24, Worden v. Board of County Commissioners of the County of Yellowstone, 606 P.2d 1069 (Mont. 1980); State v. Vermont Emergency Board, 394 A.2d 1360 (Vt. 1978) (cases discussing whether meeting by telephone was permitted by open meeting laws in other states).

The determination that deliberations by telephone could fall within the definition of "meeting" does not end our inquiry. Meetings subject to the act must "be open to the public," and must comply with statutory requirements for notice and procedure. Some of the procedural provisions indicate that the legislature assumed that members of a governmental body would appear personally at the meeting. Section 1(a) provides that members of a governmental body are not prohibited from gathering for social occasions or attendance at national conventions and workshops, gatherings that necessarily involve personal attendance. Section 3A exempts from the notice requirement of article 6252-17, V.T.C.S., limited answers to "an inquiry made at such meeting . . . made by a member of the general public or by a member of the governmental body." V.T.C.S. art. 6252-17, §3A. The public has no right under the act to speak at meetings; that is a matter controlled by the discretion of the governmental body or, in some cases, by a particular statute. Attorney General Opinion H-188

(1973); see, e.g., V.T.C.S. art. 1269k, §13a(a); Tax Code art. 26.06. Nonetheless, the section 3A procedure for handling inquiries from the public rests on the assumption that board members will be able to hear people attending the meeting. Section 3A also contemplates that the meeting shall be held in a "place" specified in the notice. These provisions at least suggest that the legislature assumed that board members would be physically present at meetings subject to the Open Meetings Act.

The Texas Supreme Court has determined that an open meeting may not be convened without a quorum present in the meeting room, and has stated as follows:

> The newspaper argues that the Act clearly contemplates that a quorum be present at the meeting place, that section 2(a) requires an open meeting to be convened before the Board may go into executive session, and that there is no 'meeting' unless a quorum is present and physically able to 'deliberate.' Tex. Rev. Civ. Stat. Ann. art. 6252-17, §§1(a) and (b).
>
> We agree with the newspaper. By all appearances, only two members may have been present. The public is entitled to know which members are present for the closed session and whether there is a quorum. We hold that the School Board failed to comply with the Act's requirements. (Emphasis added).

Cox Enterprises, Inc. v. Board of Trustees of the Austin Independent School District, 706 S.W.2d at 959. The court did not address the question of telephone deliberations, but its language suggests that the public interest requires board members to attend meetings in person.

The legislature's silence on telephone meetings for governmental bodies can be contrasted with its express authorization of such meetings for the directors, shareholders, and committees of a corporation. Bus. Corp. Act art. 9.10(C). An examination of this legislative authorization and the underlying legislative policy leads us to believe that telephone conference calls do not comply with the Texas Open Meetings Act and that the legislature would expressly authorize governmental bodies to meet by telephone conference if it wished them to have that power.

Article 9.10 of the Texas Business Corporation Act states in part:

> C. Subject to the provisions required or permitted by this Act for notice of meetings,

> unless otherwise restricted by the articles of
> incorporation or by-laws, shareholders, members of
> the board of directors, or members of any com-
> mittee designated by such board, may participate
> in and hold a meeting of such shareholders, board,
> or committee by means of conference telephone or
> similar communications equipment by means of which
> all persons participating in the meeting can hear
> each other, and participation in a meeting
> pursuant to this Section shall constitute presence
> in person at such meeting, except where a person
> participates in the meeting for the express
> purpose of objecting to the transaction of any
> business on the ground that the meeting is not
> lawfully called or convened.  (Emphasis added).

Bus. Corp. Act art. 9.10(C).  The authorization for telephone meetings was added in 1973.  Acts 1973, 63rd Leg., ch. 545 at 1486, 1511.  A comment to article 9.10(C) states that

> [t]he convenience of meetings by conference tele-
> phone should encourage and permit more frequent
> and timely meetings and savings of time and
> expenses.

Bus. Corp. Act art. 9.10(C), Comment of Bar Committee -- 1967 to 1973 (Vernon 1980).  The commentary to section 8.20(b) of the Model Business Corporation Act, which also authorizes meetings by telephone, enlarges on the reasons for enacting such a law.  The comment notes that the common law concerning directors' meetings has traditionally required that the directors attend in person.  Model Bus. Corp. Act Ann. §8.20(b), Official Comment (3d ed. 1986).  The traditional meeting provided the opportunity for interchange that is possible when directors are physically present in the same room, but the authors of the model act concluded that modern technology could provide this advantage even though the members of the board are physically dispersed.

Article 9.10(C) of the Texas Business Corporation Act allows conference calls "unless otherwise restricted by the articles of incorporation or by-laws. . . ."  Bus. Corp. Act art. 9.10(C); see also Model Bus. Corp. Act Ann. §8.20(b).

The corporation itself determines whether conference calls are permitted.  Meetings of shareholders and directors are not open to the public.  See generally Bus. Corp. Act arts. 2.24, 2.25, 2.37 (place and notice of shareholders' and directors' meetings).  Thus, a corpora-tion need not consider any public interest when it decides to conduct a meeting by telephone conference.  The policies supporting article 9.10 of the Business Corporation Act accordingly do not address the interests of an audience.

In contrast, the Open Meetings Act is intended to further the public interest in access to the decision making processes of governmental bodies.  See Cox Enterprises, Inc. v. Board of Trustees of the Austin Independent School District, supra; Toyah Independent School District v. Pecos-Barstow Independent School District, 466 S.W.2d 377 (Tex. Civ. App. - San Antonio 1971, no writ); Acts 1967, 60th Leg., ch. 271, §7, at 597 (emergency clause of Open Meetings Act).  Members of the public have an interest in observing the demeanor as well as hearing the voices of the participants in an open meeting, and we believe the Open Meetings Act protects that interest.  In a case involving participation in a meeting by telephone conference call, the Supreme Court of Vermont stated as follows:

> We are directed to no authority, by either party, dealing with the subject of attendance at a 'meeting' through the medium of a telephone conference call.  However useful its role in formulating policy, it has serious drawbacks as a means of putting that policy into effect. Questions of identity of a claimed participant could easily arise.  The personal contact that is so often an effective ingredient of a meeting is absent.  Whatever may be the future status of such participation, if and when specifically authorized, we cannot countenance it now, in the absence of some clear provision for it. Immediately suggested is the rhetorical question of how public participation in such a meeting, the goal of the legislation here under consideration, could ever be achieved, even with the advance notice contemplated by the statute.  Not only the 'right-to-know' is protected by the statute, but also the right to be present, to be heard, and to participate.  (Emphasis added).

State v. Vermont Emergency Board, 394 A.2d 1360 (Vt. 1978).

The Texas Open Meetings Act does not authorize the public to participate in meetings by speaking to the persons attending the meeting.[1]  The other remarks of the Vermont court are relevant to the Texas Open Meetings Act.  Members of the public who can only hear what a board member says will not know whether the silent board members are paying attention.

---

1.  The Vermont Open Meetings Law does not expressly authorize members of the public to speak out at public meetings.  See Vt. Stat. Ann. title 1, §§311-314.  The law does require the minutes of a meeting to identify all members of the public body present and all "other active participants in the meeting."  Id. §312(b)(1)(A).

A meeting conducted by teleconference call among geographically dispersed board members is not "open to the public" as required by the Open Meetings Act.   It is for the legislature to determine whether governmental bodies should have authority to meet on occasion by teleconference call.   It is for the legislature to establish limitations on and guidance for such meetings.   Until the legislature has granted it that power, the Texas Board of Licensure for Nursing Home Administrators may not meet and vote on cases by telephone conference call.

## S U M M A R Y

In the absence of specific legislative authorization, a governmental body that meets by telephone conference call will not comply with the Texas Open Meetings Act, article 6252-17, V.T.C.S.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General