**Estate of Dean C. Kelley v. Moguls, Inc.**

[632 A.2d 360]

No. 92-529

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed August 27, 1993

*John J. Welch, Jr.*, Rutland, for Plaintiff-Appellant.

*Allan R. Keyes* of *Ryan Smith & Carbine, Ltd.*, Rutland, for Defendant-Appellee.

**Allen, C.J.** The question certified to this Court pursuant to V.R.A.P. 5(a) is whether a licensed vendor of alcoholic beverages may be liable for injuries to and the death of an imbiber resulting from the imbiber's driving a motor vehicle while in-

toxicated. This liability would arise from the vendor's negligence in serving alcohol to someone who reasonably appeared to be under the influence of alcohol and who the vendor knew, or should have known, would soon be operating an automobile. We hold that the vendor may be liable under the facts alleged.

Plaintiff, the imbiber's estate, concedes that the Dram Shop Act, 7 V.S.A. § 501, does not provide a remedy under the facts alleged. See *Langle v. Kurkul*, 146 Vt. 513, 516, 510 A.2d 1301, 1303 (1986) (Dram Shop Act provides cause of action only to third persons injured by intoxicated person). Plaintiff, however, contends that a common-law cause of action exists that would permit recovery.

I.

■ The Dram Shop Act preempts those common-law negligence actions that come within its scope. *Winney v. Ransom & Hastings, Inc.*, 149 Vt. 213, 215–16, 542 A.2d 269, 270 (1988). Defendant argues that plaintiff's claim is among the actions preempted, and that the specific language of recent amendments evidences legislative intent to allow a common-law remedy only against social hosts, not licensed vendors. We disagree.

In *Langle*, we held that a social host has a duty of care only in situations in which the host furnishes alcoholic beverages to someone visibly intoxicated and "it is foreseeable to the host that the guest will thereafter drive an automobile, or, where the social host furnishes alcoholic beverages to a minor." 146 Vt. at 521, 510 A.2d at 1306. In the legislative session following *Langle*, the Act was extensively revised, including the adoption of subsection (g):

> Nothing in this section shall create a statutory cause of action against a social host for furnishing intoxicating liquor to any person without compensation or profit, if the social host is not a licensee or required to be a licensee under this title. However, this subsection shall not be construed to limit or otherwise affect the liability of a social host for negligence at common law.

7 V.S.A. § 501(g). Defendant argues that this language implicitly forecloses all other common-law causes of action for furnishing intoxicating liquor because it explicitly preserves a common-law cause of action against a social host.

As a general rule, we look to the plain language of the statute to determine the intent of the Legislature. Furthermore, "rules of the common law are not to be changed by doubtful implication, nor overturned except by clear and unambiguous language." *E.B. & A.C. Whiting Co. v. City of Burlington*, 106 Vt. 446, 464, 175 A. 35, 44 (1934). Because 7 V.S.A. § 501 does not expressly foreclose a common-law cause of action, we cannot conclude that the Legislature intended to preempt such an action.

The legislative history of the 1987 amendments supports the view that there was no intent to preempt common-law remedies available to those not covered by the Act. Originally, the Senate and House bills called for the amended act to be "the exclusive remedy against a defendant for claims for those suffering damages based on the defendant's furnishing of alcoholic beverages," and to abolish "any common law action against a person who sells or furnishes intoxicating liquor." House Jour. 778 (May 8, 1987, Vt., Bien. Sess.). This language was eliminated from the amendments as finally enacted. Therefore, we conclude that the Legislature considered and rejected an expansion of the Dram Shop Act to preempt all common-law negligence actions for those suffering damages based on the furnishing or selling of alcoholic beverages. The evident intent of 7 V.S.A. § 501(g) was to prevent recovery in strict liability against a social host under the Act's other provisions, but not to bar recovery in negligence. Defendant's suggestion that the amendments carved a lone exception to permit negligence actions against social hosts would make sense had the above language been enacted. Absent such language, we cannot limit common-law remedies. We hold that a licensed vendor may be liable in negligence in addition to remedies provided under the Dram Shop Act.

II.

We turn next to the question of whether an imbiber has a cause of action against a licensed vendor. This depends on the existence of a legally cognizable duty, "'an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another.'" *Smith v. Day*, 148 Vt.

595, 597, 538 A.2d 157, 158 (1987) (quoting W. Prosser & W. Keeton, The Law of Torts § 53, at 356 (5th ed. 1984)). In *Langle*, we declined to impose liability against a social host for injuries received by a guest because we could not find that a legal duty of care existed. 146 Vt. at 517–21, 510 A.2d at 1303–06. The complaint in that case alleged that the defendant negligently and unlawfully served the plaintiff intoxicating liquor, that the plaintiff became intoxicated, and that as a proximate result of that intoxication the plaintiff was injured. The certified question before us differs in one important respect: here the imbiber was intoxicated when served.

A duty may be established by safety statutes and regulations if they are intended, exclusively or in part,

> (a) to protect a class of persons which includes the one whose interest is invaded, and
>
> (b) to protect the particular interest which is invaded, and
>
> (c) to protect that interest against the kind of harm which has resulted, and
>
> (d) to protect that interest against the particular hazard from which the harm results.

Restatement (Second) of Torts § 286 (1965). See, e.g., *Rule v. Johnson*, 104 Vt. 486, 490, 162 A. 383, 385 (1932) (violation of motor vehicle regulation regarding number of passengers permitted to occupy front seat creates presumption of negligence); *Porter Screen Mfg. Co. v. Central Vermont Ry.*, 92 Vt. 1, 8, 102 A. 44, 47 (1917) (Interstate Commerce Commission rules relating to transport of dangerous articles are material on issue of defendant's knowledge of hazardous condition).

The laws relating to alcoholic beverages are intended to protect "the public welfare, good order, health, peace, safety and morals of the people of the state." 7 V.S.A. § 1. The Liquor Control Board is empowered to promulgate regulations regarding the furnishing and selling of alcohol. 7 V.S.A. § 104(8). In this case, the relevant rule is Department of Liquor Control Regulation 19, which states that "[n]o alcoholic liquor shall be sold or furnished to a person apparently under the influence of liquor." Vt. Liquor Control Bd. Rev. Gen. Reg. 19 (1988). Rule 19 satisfies criteria (b), (c), and (d) of the test outlined above. In part, the regulation is intended to protect the public from dan-

gers created by intoxicated persons, including the dangers of drunk driving. Whether the regulation was intended to include the imbiber in the class of protected persons is not as clear.

Common sense tells us that an imbiber is just as likely to be injured as third parties are. Accordingly, other jurisdictions have included the imbiber in the class to be protected by rules similar to DLC General Regulation 19. In *Nazareno v. Urie*, 638 P.2d 671, 674 (Alaska 1981), the Alaska Supreme Court held that a vendor has a duty not to sell liquor where the sale creates a risk of harm to the customer or others. Likewise, in *Brannigan v. Raybuck*, 667 P.2d 213, 216 (Ariz. 1983), the Arizona Supreme Court stated that "modern authority has increasingly recognized that one who furnishes liquor to a minor or intoxicated patron breaches a common law duty owed both to innocent third parties who may be injured and to the patron himself." We think that Regulation 19 was intended to include the person served within the class of persons to be protected from the hazards of overindulgence.

Defendant argues, in effect, that recognizing a common-law negligence action by an imbiber against a licensed server will encourage drunk driving because the action would permit the individual to profit from his own wrongdoing. Questions of relative fault, however, are better addressed under our comparative negligence statute, 12 V.S.A. § 1036. The factfinder may decide where the incentive to consume arose and apportion the fault accordingly.

Defendant also argues that the lack of causal relationship between the seller's act in supplying alcohol and the injury sustained is another reason for denying liability. But this is no basis to deny a cause of action as a matter of law; causation is a fact question. At one time, it was not considered a tort to serve liquor to an able-bodied person. The courts reasoned that consuming rather than furnishing alcohol was the proximate cause of resulting injuries. See *Nolan v. Morelli*, 226 A.2d 383, 386 (Conn. 1967). Under the modern view, consumption also may constitute proximate cause. See *Ely v. Murphy*, 540 A.2d 54, 58 (Conn. 1988) (minor's consumption of alcohol not necessarily an intervening act breaking the chain of proximate causation). There may be more than one proximate cause of an injury, *Derosia v. Liberty Mut. Ins. Co.*, 155 Vt. 178, 188, 583 A.2d 881,

886 (1990), and both consumption and furnishing may be causative factors. *Rappaport v. Nichols*, 156 A.2d 1, 9 (N.J. 1959) (negligent operation of automobile due to intoxication was "normal incident of the risk" created by tavern keepers who furnished liquor).

We conclude that a common-law action has not been preempted and that such an action may be maintained.

*The certified question is answered in the affirmative.*