### In re Appeal of Philip A. Reynolds
### (Town of South Hero, Appellant)

[749 A.2d 1133]

No. 98-580

Present: Amestoy, C.J., Dooley, Morse, Johnson and Skoglund, JJ.

Opinion Filed February 11, 2000

*Philip A. Reynolds*, pro se, South Hero, Plaintiff-Appellee.

*Steven F. Stitzel* of *Stitzel, Page & Fletcher, P.C.*, Burlington, for Defendant-Appellant.

*Elizabeth Turner* and *Gilbert Whittemore*, Law Clerk, Montpelier, for Amicus Curiae Vermont League of Cities and Towns.

**Dooley, J.** The Vermont Environmental Court, on motions for summary judgment, reversed an action of the seven-member planning commission of the Town of South Hero approving an application for a subdivision amendment on a vote of three in favor, two against, one abstention, and one member absent. Philip Reynolds, a neighbor to the development, appealed the issue to the environmental court and is appellee here. Appellant, Town of South Hero, claims the court erred in holding that the common law rule regarding the effect of an abstention does not apply in Vermont.[1] We disagree and affirm.

The planning commission of the Town of South Hero is composed of seven members, six of whom were present for the hearing and deliberation on the project at issue in this case. The question was posed whether the project should be approved. Of the six members present, three voted in favor of the application, two voted against it, and one member abstained. The governing statute in Vermont provides that: "When joint authority is given to three or more, the concurrence of a majority of such number shall be sufficient and shall

---

[1] Although appellee Philip Reynolds raises several other issues in his brief, those issues are not in dispute in this case, and therefore are not properly before this Court. Furthermore, several documents which are not part of the record of this proceeding are included in appellee's brief. Appellant's motion to exclude those documents is granted.

be required in its exercise." 1 V.S.A. § 172. The number of concurring votes required is a majority of all the members of the board — in this case four. See *In re Lionni*, 160 Vt. 625, 626, 648 A.2d 832, 833 (1993) (mem.).

The Town argues that in these circumstances a majority of the commission approved the project, even though it received only three affirmative votes, because, according to the common law, abstentions are counted as acquiescence with the majority of those members voting. See, e.g., *Prosser v. Village of Fox Lake*, 438 N.E.2d 134, 136 (Ill. 1982) (rule that abstention constitutes acquiescence with majority of those who did vote developed from common law). It argues that the common law applies because Vermont has adopted "[s]o much of the common law of England as is applicable to the local situation and circumstances,"1 V.S.A. § 271, and that when properly interpreted, § 172 is not inconsistent with the common law rule on the effect of an abstention.

At the outset, the Town acknowledges that language in a number of decisions of this Court is against it, but argues that the language is dicta or that it addressed very different circumstances. The main case it distinguishes on this basis is *State v. Vermont Emergency Board*, 136 Vt. 506, 394 A.2d 1360 (1978), in which we decided that the emergency board had not "met," in violation of the open meeting law, where two members of the five-person board were present in person and two were present only by telephone. See *Vermont Emergency Bd.*, 136 Vt. at 508, 394 A.2d at 1361. In reaching the decision, this Court examined § 172 and defined "concurrence" to mean "physical presence, not merely a state of mind, plus an expressed assent." *Id.* at 508, 394 A.2d at 1361-62. Obviously, if the requirement of "expressed assent" controls, the Town cannot prevail because an abstention is not "expressed assent." The Town urges us to ignore that language because the issue in *Vermont Emergency Board* turned on what would be considered presence at a meeting, and not what was required to show concurrence in a result. See also *In re Villeneuve*, 167 Vt. 450, 459, 709 A.2d 1067, 1072 (1998) (§ 172 requires "that a majority of the members of an administrative board must vote for a result for the vote to be effective"); *Town of Fair Haven v. Stannard*, 111 Vt. 49, 53, 10 A.2d 214, 215-16 (1940) (statute requires only "cognizance of, and consent to, the proposed course of action . . . . In this the concurrence of the majority is sufficient.").

Also against the Town is *In re 66 North Main Street*, 145 Vt. 1, 481 A.2d 1053 (1984), *overruled on other grounds by In re Newton*

*Enterprises*, 167 Vt. 459, 708 A.2d 914 (1998), in which three members of a five-person zoning board were present for review of a variance application and two voted against it, with one abstaining. We held that, because only two members signed the order denying the variance, the order was patently defective under the statute. See *66 North Main Street*, 145 Vt. at 3, 481 A.2d at 1055.[2] This case necessarily adopts a construction of § 172 directly contrary to that urged by the Town.

The best that can be said for the Town's position in light of the above decisions is that we have never explicitly examined its argument that an abstention should be counted as a vote with the majority of those who vote. Accordingly, we will reach the Town's argument, but with the understanding that its position must be strong enough for us to reject the application of stare decisis and overrule past precedent.

As noted above, the nucleus of the Town's argument is that the common law counted an abstention as concurring with the position of the majority of members who voted. It invokes the statutory construction maxim that rules of the common law should not be changed by implication nor overturned except by clear and unambiguous language. See *Estate of Kelley v. Moguls, Inc.*, 160 Vt. 531, 533, 632 A.2d 360, 361-62 (1993). Consistent with this maxim, it urges us to hold that an abstention is a "concurrence" in the majority decision as that term is used in § 172.

We accept the logic of the Town's argument, but not its starting point or its construction of § 172. The earliest version of what is now § 172 was worded differently: "'[A]ll words purporting to give a joint authority to three or more public officers or other persons, shall be construed as giving such authority to a majority of such officers or other persons, unless it shall be otherwise expressly declared in the law giving the authority.'" *First Nat'l Bank v. Town of Mount Tabor*, 52 Vt. 87, 105 (1879) (quoting G.S. Ch. 4, § 2 (1862)). This Court found the statute to be declarative of the common law. See *id.*; *Hodges v. Thacher*, 23 Vt. 455, 465 (1851). Although the cases do not fully explore the common law rules, *First National* cited with approval cases from Connecticut and Massachusetts that hold that a majority

---

[2] *In re 66 North Main Street* was decided under 24 V.S.A. § 4462(a), which governs zoning board decisions and has similar language to 1 V.S.A. § 172. There is no equivalent statute for planning commission decisions, but a planning commission is governed by § 172, and *66 North Main Street* makes clear that the effect of this statute is identical to that of 24 V.S.A. § 4462(a).

of a public body constitutes a quorum and a majority of those present, if a quorum, is sufficient to act for the body. See *First Nat'l*, 52 Vt. at 101-02; cf. *E.B. & A.C. Whiting Co. v. City of Burlington*, 106 Vt. 446, 457, 175 A. 35, 41 (1934) (quoting Kent's Commentaries for proposition that, where select and definite body is involved, majority of quorum of that body may decide question put before it). The Town argues that the rule expressed in those cases is the common law rule, codified in the antecedent version of what is now § 172.

We emphasize two points about the Town's view of the common law rule. First, the rule discussed in *First National* and *Hodges* says nothing about the effect of an abstention. Under the common law rule, the applicant would prevail in this case because a quorum was present and a majority of those voting voted for the permit amendment. See 1 Antieau, Local Government Law § 4.11, at 4-27 (1998). We do not, however, need to count the abstention as a vote for the permit amendment to reach that result. Neither the Town nor the Vermont League of Cities and Towns as amicus curiae have pointed to any Vermont case endorsing the practice of counting an abstention as a vote with the majority. We believe there is no such case.

Second, the voting statute was amended in 1880, see G.L. § 3 (1880), and this amendment explicitly modified the common law rule. The amendment effectively abandoned the majority-of-a-quorum rule, in favor of the requirement that a majority of the members of the board or committee act affirmatively. Thus, before the amendment, if three persons from a five-person board were present and split on an application with two in favor and one against, the application would be approved. Under the amendment, however, the application would fail. We recognized the difference in the first case that arose after the amendment, see *Wells v. Austin*, 59 Vt. 157, 163, 10 A. 405, 409 (1886), and have since stated that the statute requires the concurrence of a majority of the entire board. See *In re Lionni*, 160 Vt. at 626, 648 A.2d at 833. Thus, the common law rule has been modified by clear and unambiguous language, and not by implication, satisfying the statutory construction maxim.

Even if we were to hold that we should still look to the common law, we cannot find as clear a common law rule as the Town espouses. See O. Reynolds, *Voting Requirements in Municipal Governing Bodies: Minority Rule or Legislative Stalemate?*, 27 Urb. Law. 87, 91 (1995) (at least two versions of the common law rule on a majority of a quorum are possible). Indeed, early cases from other jurisdictions describing the common law rule explain the effect of abstentions as an

effect of the majority-of-a-quorum rule, not as an independent doctrine. For example, in *Rushville Gas Co. v. City of Rushville*, 23 N.E. 72 (Ind. 1889), three of six members of the city council voted in favor of buying an electric light plant, and the other three, although present, abstained. The court held that the vote to purchase the plant was effective under the majority-of-a-quorum rule: "The rule is that if there is a quorum present, and a majority of the quorum vote in favor of a measure, it will prevail, although an equal number should refrain from voting." *Rushville*, 23 N.E. at 73. The court went on to explain:

> If members present desire to defeat a measure, they must vote against it, for inaction will not accomplish their purpose. Their silence is acquiescence, rather than opposition. Their refusal to vote is, *in effect*, a declaration that they consent that the majority of the quorum may act for the body of which they are members.

*Id.* (emphasis added); see also *Murdoch v. Strange*, 57 A. 628, 630 (Md. 1904) (where, in city council election of municipal officer, four voted for one candidate and three for another, with one member abstaining, candidate with majority of votes cast prevailed; abstaining member "has left unopposed the votes of the other electors, and thereby, it may be said, assents to the election of the candidate who receives a majority of votes"). We need only look at the majority and dissenting opinions in *Prosser*, the lead case cited by the Town, to recognize the different interpretations of the common law rule. *Prosser*, 438 N.E.2d at 134, 137.

We view this case as one of statutory interpretation, in which we must construe the meaning of the term "concurrence" in § 172. See *Smith v. Sussex County Council*, 632 A.2d 1387, 1388 (Del. Ch. 1993). In construing statutory language, we presume that the Legislature intended the plain, ordinary meaning of the words it chose. See *Brennan v. Town of Colchester*, 169 Vt. 175, 177, 730 A.2d 601, 603 (1999). We agree with the Supreme Court of Ohio that the term "concur" means more than silent acquiescence; it requires consent expressed in an overt way. See *Davis v. City of Willoughby*, 182 N.E.2d 552, 556 (Ohio 1962); see also *Smith*, 632 A.2d at 1389 (concurrence in an action requires formal vote for it). Thus, we adhere to the view expressed in *Vermont Emergency Board* and *Villeneuve* that concurrence requires expressed assent through a vote for the proposition.

■ The environmental court remanded the matter to allow the applicant "the opportunity to resubmit the application to a meeting of the planning commission for a vote to be counted consistent with this decision." Appellee argues that the proper remedy is to reverse the planning commission decision outright without a remand. In the absence of a cross-appeal, however, we must accept the remedy provided by the environmental court. See *Moonves v. Hill*, 134 Vt. 352, 355, 360 A.2d 59, 61-62 (1976).

*Affirmed.*