**In re Louis M. LIONNI**

[648 A.2d 832]

No. 92-366

June 1, 1993. The City of Burlington appeals from the superior court's order declaring invalid (1) the Burlington Planning Commission's bylaw authorizing the commission to act upon a concurrence of less than a majority of its members, and (2) the zoning permit granted by three members of the seven-member commission. We affirm.

One of the members of the Burlington Planning Commission applied

for a zoning permit for a proposed renovation of his residence, which was located in a design control district that requires planning commission approval for building alterations. Three members of the commission initially approved the permit, with two of the commissioners—the applicant and his neighbor—recusing themselves from consideration of the project. After the superior court declared the permit invalid, the commission adopted a bylaw, pursuant to 24 V.S.A. § 4323(b) (planning commission, at its organization meeting, "shall adopt . . . rules as it deems necessary and appropriate for the performance of its functions"), allowing a majority of the commissioners "present and voting" to take any action. Three members of the commission then reapproved the permit, which was challenged again. The superior court ruled that § 4323(b) does not provide authority for the planning commission to adopt the instant bylaw. We agree with the court's ruling.

Section 172 of Title 1 provides that "[w]hen joint authority is given to three or more, the concurrence of a majority of such number shall be sufficient and shall be required in its exercise." Section 172 must be followed unless it "is inconsistent with the manifest intent of the general assembly or repugnant to the context of the same statute." 1 V.S.A. § 101. Section 1–2 of the Burlington Code of Ordinances defines joint authority in a manner consistent with § 172, and §§ 101 and 172 have been incorporated into § 295 of the Burlington City Charter. The City contends that the specific grant of authority provided by § 4323(b) controls over the general rule expressed in § 172. We disagree. Section 4323(b) does not specifically authorize the adoption of

rules regarding the number of commissioners required to take action. Further, § 4323(b) does not convey the "manifest intent" of the Legislature to override § 172. Nor does the existence of 24 V.S.A. § 4462(a), which allows only a majority of the members of zoning boards to take action, coupled with the absence of a similar statute directed specifically at planning commissions, somehow suggest that planning commissions need not abide by § 172. Accordingly, the bylaw, as well as the permit that resulted from it, are invalid.

The City contends that approval by a majority of the commissioners is preferable to the automatic approval of projects that would result in situations where the commission failed to act within a certain period. See 24 V.S.A. §§ 4470(a), 4475. According to the City, the failure of the commission to act would result in automatic approval even when the appellant is challenging the project. Assuming this to be true, the superior court's ruling could result in automatic approval where three of the commissioners voted to disapprove a project and the other four recused themselves based on a conflict of interest. Thus, the recused commissioners, in effect, would be voting for the project. The possibility of such a scenario does not sway us. The person challenging a project may seek de novo review in the superior court. 24 V.S.A. §§ 4471, 4475. This is not a situation where the plain meaning of the statute leads to absurd or irrational results; therefore, we must enforce it according to its terms. *In re 66 No. Main St.*, 145 Vt. 1, 3, 481 A.2d 1053, 1055 (1984).

*Affirmed.*