2003 VT 30

## In re Appeal of Todd and Terry Ashline

[824 A.2d 579]

No. 02-063

Present: **Amestoy, C.J., Dooley, Morse,**[1] **Johnson and Skoglund, JJ.**

Opinion Filed March 28, 2003

---

[1] Justice Morse sat for oral argument but did not participate in this decision.

*Gary W. Lange* of *Swanson & Lange*, Burlington, for Appellants.

*David A. Barra* of *Unsworth Powell Barra Orr & Bredice, PLC*, Essex Junction, for Appellee.

¶ 1. **Skoglund, J.** In this zoning dispute, appellant-landowners Todd and Terry Ashline ("Landowners") appeal from an order of the environmental court denying Landowners' motion for summary judgment and granting summary judgment in favor of appellee, Town of St. Albans ("Town"). Landowners appealed to the environmental court from a decision of the Town's development review board upholding a notice of violation issued after the denial of Landowners' application for conditional use approval by the Town's zoning board of adjustment ("ZBA" or "Board"). Landowners contend that the environmental court improperly applied the exclusive remedy provisions of 24 V.S.A. § 4472 to dismiss Landowners' questions submitted on appeal, arguing that the ZBA's failure to comply with 24 V.S.A. § 4462(a) resulted in a nondecision from

which they could not appeal. Landowners further contend that the Board's failure to issue a decision resulted in deemed approval of the Landowners' application for conditional use approval pursuant to 24 V.S.A. § 4470(a). We affirm.

¶ 2. Landowners hold title in real property on 348 Lake Road in St. Albans, a commercial zoning district. In February 1999, after expanding the physical dimensions of the existing house located on their Lake Road property, Landowners applied for a certificate of occupancy and a certificate of compliance for the as-built construction, indicating that the current use of the property was as a "duplex." In July 1999, the Town's zoning administrator notified Landowners that their property was in violation of the Town's zoning bylaws and that they must apply to the ZBA for conditional use approval or be subject to a notice of violation for using their Lake Road property as a duplex. Landowners then submitted an application to the ZBA to "permit a duplex on Lake Road in the Commercial District."

¶ 3. On August 12, 1999, the ZBA held a public hearing to consider Landowners' application for conditional use approval. Six of the nine members of the Town's ZBA were present. Landowners' motion for "approval for the duplex on this property" received four votes in favor and two opposed. Thus, the motion failed because it did not receive a majority of the nine-member board.

¶ 4. On September 16, 1999, the ZBA issued a written notice of decision denying Landowners' application for conditional use approval. Landowners did not appeal the ZBA's denial of their application, nor did they request a rehearing before additional members of the ZBA. Nearly one year later, on August 4, 2000, the zoning administrator issued Landowners a notice of violation, alleging that Landowners had "continued to utilize [their] property as a duplex despite the [ZBA's] denial" of their application for conditional use approval. Landowners subsequently appealed this notice of violation to the ZBA. At this time, the Town was in the process of replacing their ZBA with a development review board ("DRB"). A hearing before the newly created DRB occurred on October 10, 2000, at which time the DRB upheld the notice of violation.

¶ 5. Landowners then appealed the DRB's decision to the environmental court. On June 14, 2001, the court denied Landowners' motion for summary judgment and granted summary judgment in favor of the Town. The court found that "because [Landowners] did not appeal the ZBA's September 16, 1999 decision . . . [that decision] may not now be collaterally attacked in the present proceedings." The court then dismissed that portion of Landowners' appeal concerning the Board's

September 1999 decision. Landowners then withdrew their sole remaining question on appeal before the environmental court, and this appeal followed.

¶ 6. Our review of summary judgment is de novo. *Springfield Terminal Ry. v. Agency of Transp.*, 174 Vt. 341, 344, 816 A.2d 448, 452 (2002). In reviewing summary judgment, this Court applies the same standard as the trial court. *Bixler v. Bullard*, 172 Vt. 53, 57, 769 A.2d 690, 694 (2001). Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 57, 769 A.2d at 693-94; V.R.C.P. 56(c). As there are no disputed factual issues, the issue presented in this appeal is solely one of the application of law. See *Pownal Dev. Corp. v. Pownal Tanning Co.*, 171 Vt. 360, 368, 765 A.2d 489, 495 (2000) (where sufficient facts uncontested Court must apply applicable law to those undisputed facts).

¶ 7. The central issue in this appeal concerns the status of the ZBA's September 1999 written denial of Landowners' application for conditional use approval. Landowners assert that the environmental court improperly relied upon the exclusive remedy provisions of 24 V.S.A. § 4472 to dismiss Landowners' appeal. On appeal before this Court, as they did before the environmental court, Landowners argue that § 4472 is inapplicable in this case because (1) the ZBA's denial of Landowners' application for conditional use approval was a statutorily defective decision because the Board failed to act with a majority as required by 24 V.S.A. § 4462(a), and (2) that the ZBA's defective decision resulted in the deemed approval of Landowners' application pursuant to 24 V.S.A. § 4470(a). We disagree.

¶ 8. Section 4472 mandates that "the exclusive remedy of an interested person with respect to *any* decision or act taken, or *any* failure to act [by the ZBA] . . . shall be the appeal . . . to the environmental court . . . ." 24 V.S.A. § 4472(a) (emphasis added). Appeals from zoning boards must be taken within thirty days of the relevant ZBA decision. See *id.* §§ 4471, 4472; V.R.C.P. 75(c) ("complaint shall be filed within 30 days after notice of any action or refusal to act of which review is sought"); V.R.C.P. 76(e) (governing appeals from zoning boards of adjustment to environmental court). Failure to file a timely appeal from a decision of the ZBA deprives the environmental court of jurisdiction to consider that decision. *In re Gulli*, 174 Vt. 580, 583, 816 A.2d 485, 489 (2002) (mem.) (failure to file timely appeal of development review board decision justified dismissal of submitted questions relating to that decision). In the absence of a timely appeal, interested persons are bound by decisions of the board, and they "shall not thereafter contest, either directly or indirectly, such decision or act . . . in any proceeding." 24 V.S.A. § 4472(d); *Levy v. Town of St. Albans*

*Zoning Bd. of Adjustment*, 152 Vt. 139, 142, 564 A.2d 1361, 1363 (1989). This Court strictly construes the "broad and unmistakable language of [§ 4472(d)] to prevent *any* kind of collateral attack on a zoning decision that has not been properly appealed through the mechanisms provided by the municipal planning and development statutes." *City of S. Burlington v. Dep't of Corr.*, 171 Vt. 587, 588-89, 762 A.2d 1229, 1230 (2000) (mem.).

¶ 9. The Board issued a written decision in September 1999 denying Landowners' application. In Vermont, a judgment of an adjudicative body remains valid until reversed or annulled, see *Davidson v. Davidson*, 111 Vt. 24, 29, 9 A.2d 114, 116 (1939), but Landowners took no action to contest this written decision. Landowners did not directly appeal the adverse decision, and, as the environmental court noted, Landowners did not "request that the matter be placed back on the agenda of the ZBA when more members could be present." Instead, Landowners unilaterally determined that the Board's September 1999 decision was issued without legal authority because the ZBA failed to act with the concurrence of the majority of the board as mandated by 24 V.S.A. § 4462(a), and, as a result, did not require direct appeal. According to Landowners, "[t]here is no impermissible collateral attack on a 'decision' where there was no valid 'decision' by the Zoning Board in the first place."

¶ 10. This Court has previously considered and rejected arguments analogous to those asserted by Landowners. We strictly enforce the exclusivity of remedy provisions contained within § 4472 to require that all zoning contests go through the administrative and appellate review process in a timely fashion. *Town of Sandgate v. Colehamer*, 156 Vt. 77, 84, 589 A.2d 1205, 1209 (1990). As such, we have consistently held that § 4472 "bars attack on a zoning decision even when the decision is alleged to have been void ab initio." *City of S. Burlington*, 171 Vt. at 589, 762 A.2d at 1231; *Phillips Constr. Servs., Inc. v. Town of Ferrisburg*, 154 Vt. 483, 485, 580 A.2d 50, 51 (1990) (plaintiff bound by zoning board's decision under § 4472 for failure to directly appeal the board's actions despite claim that board acted outside scope of its authority); *Levy*, 152 Vt. at 142, 564 A.2d at 1363-64 (rejecting argument that § 4472 does not apply when "the board's decision was void ab initio"); *Graves v. Town of Waitsfield*, 130 Vt. 292, 295, 292 A.2d 247, 249 (1972) (§ 4472 precluded town from contesting validity of permit despite lack of administrator's authority to issue permit). While a zoning board's power to act is limited by § 4462(a), as we have recognized in the past, "[i]t does not follow ... that when a board exceeds its power, as plaintiffs claim happened here, its ruling may be challenged at any time in the future. To the contrary, § 4472 implements a policy of repose, *even where the board's*

*ruling is ultra vires." Levy*, 152 Vt. at 143, 564 A.2d at 1364 (emphasis added).

¶ 11. Most recently in *City of South Burlington v. Department of Corrections*, we considered an argument asserted by the department of corrections that the department did not need to appeal an adverse decision of the zoning board because "[the department] knew the condition was unenforceable due to its sovereign immunity." 171 Vt. at 590, 762 A.2d at 1231. We rejected this argument outright and found that § 4472 "demonstrates an unmistakable intent to limit zoning disputes to a well-defined procedure." *Id.* Landowners' claim here is analogous to that which we expressly rejected in *City of South Burlington*: that they "knew" the ZBA's denial of their application was defective and, therefore, they were not required to appeal the Board's denial. We reject this argument again and reaffirm our "longstanding interpretation of § 4472 [which] dictates that failure to appeal forecloses collateral attacks on zoning decisions, even where the zoning body's authority is challenged." *Id.* at 591, 762 A.2d at 1232. Accordingly, § 4472 unequivocally forecloses Landowners' challenge to the authority of the ZBA's ruling absent a timely, direct appeal. See *Levy*, 152 Vt. at 142, 564 A.2d at 1363. As such, the environmental court was correct in rejecting Landowners' collateral attack on the ZBA's September 1999 decision. The court properly granted summary judgment in favor of the Town on the questions presented.

¶ 12. However, Landowners also invoke the deemed approval remedy contained within 24 V.S.A. § 4470(a) in their attempt to circumvent the § 4472 exclusivity of remedy provisions.[2] See *id.* § 4470(a) (zoning board must render a decision within forty-five days of hearing or application is deemed approved). They assert that the Board's failure to comply with § 4462(a) resulted in the Board's failure to render a decision and, as a result, led to the deemed approval of their application for conditional use.[3]

---

[2] This case involved the denial of a conditional use permit request. Neither side has directed our attention to the provisions of 24 V.S.A. § 4407(2), which provides, "the board of adjustment or the development review board shall act to approve or disapprove any such requested conditional use within sixty days after the date of the final public hearing held under this section, and failure to so act within such period shall be deemed approval." Instead, both sides and the court below relied on the deemed approval provisions found in § 4470(a) requiring action within forty-five days. Because delay in issuance of the decision is not at issue in this opinion, we merely note the potential for inconsistent reliance on these statutes.

[3] Section 4462(a) mandates that any action of a zoning board "shall be taken by the concurrence of a majority of the board." We have held, however, that a board can "render a decision," as is required by 24 V.S.A. § 4470(a), despite that board's failure to strictly comply with § 4462(a). See *In re Newton Enters.*, 167 Vt. 459, 466, 708 A.2d 914, 918 (1998) (board rendered a decision despite a statutorily defective vote); see also *In re White*, 155 Vt. 612, 616,

Landowners argue that an appeal is superfluous when a zoning board fails to render a valid decision and the underlying application is deemed approved. Landowners are incorrect.

■ ¶ 13.  In various contexts, the deemed approval remedy permeates chapter 117 of Title 24. See, e.g., 24 V.S.A. § 4407(2) (board shall grant or deny request for conditional use within sixty days or request deemed approved); *id.* § 4464(a) (administrative officer's failure to act within thirty days results in deemed approval of application); *id.* § 4470(a) (board shall render its decision regarding an appeal within forty-five days or application deemed approved). Given the prominence of deemed approval in Title 24, we have had numerous opportunities to construe the relevant statutory language and have consistently held that the purpose of the deemed approval remedy provided is to "remedy indecision and protracted deliberations on the part of zoning boards and to eliminate deliberate or negligent inaction by public officials." *In re Fish*, 150 Vt. 462, 464, 554 A.2d 256, 258 (1988) (internal quotation omitted). We have cautioned against extending the deemed approval remedy beyond this limited purpose, as improper application "can operate to grant permits wholly at odds with the zoning ordinance." *Newton*, 167 Vt. at 465, 708 A.2d at 918; *In re Knapp*, 152 Vt. 59, 65, 564 A.2d 1064, 1067 (1989). Consequently, we have strictly construed the deemed approval remedy to apply only when clearly consistent with the statutory purpose. *Newton*, 167 Vt. at 465, 708 A.2d at 918 (refusing to apply deemed approval remedy in a wooden fashion because such an application would allow negative decisions of the board to become positive ones "with no finding that the landowner meets the requirements of the zoning ordinance").

■ ¶ 14.  Determining whether the Board's issued decision violated the statutory requirements of § 4462(a) is unimportant. Landowners did not properly appeal the Board's denial of their application for conditional use, and as a result, they were bound by that denial pursuant to § 4472(d). Consequently, Landowners' failure to comply with § 4472 deprived the environmental court of jurisdiction over Landowners' claim that their application for conditional use was deemed approved. *City of Rutland v. McDonald's Corp.*, 146 Vt. 324, 330-31, 503 A.2d 1138, 1143 (1985). Section 4470(a) does not carve out an exception to this jurisdictional hurdle. See *McGlynn v. Town of Woodbury*, 148 Vt. 340, 343, 533 A.2d 1187, 1189 (1987) (trial court without jurisdiction to declare request for variance deemed approved because landowners failed to properly appeal).

---

587 A.2d 928, 930 (1990) (board renders decision under § 4470(a) when it makes decision and communicates it to landowner even though decision does not fully comply with statute).

¶ 15.  *McGlynn v. Town of Woodbury* featured a procedural posture that is similar, if not exact, to that presented here. The landowners in that case requested and were denied a variance by the town's zoning board. The zoning board failed to make adequate findings in its denial, thus violating statutory requirements, but the landowners did not appeal the issued decision. Rather, two months after the board issued its denial, the landowners filed a declaratory judgment action in the superior court, arguing that the board's failure to make adequate findings led to the deemed approval of their variance pursuant to 24 V.S.A. § 4470(a). 148 Vt. at 341, 533 A.2d at 1188. The superior court agreed with the landowners, relying on the language in *Potter v. Hartford Zoning Board of Adjustment*, 137 Vt. 445, 448, 407 A.2d 170, 172 (1979), that a "plaintiff's appeal was superfluous" because the plaintiff "automatically received a variance when the zoning board of adjustment failed to comply with the mandate of § 4470(a)."

¶ 16.  This Court, however, did not agree. We noted that *Potter*, which was overruled by *City of Rutland v. McDonald's Corp.*, 146 Vt. 324, 503 A.2d 1138 (1985), did not address the jurisdictional issue resulting from a landowner's failure to directly appeal an adverse zoning decision. *McGlynn*, 148 Vt. at 343, 533 A.2d at 1189. As such, we held that "any language in *Potter* relating to the jurisdictional issue presented in this case [is] dictum."[4] *Id.* Reaffirming our holding in *City of Rutland*, 146 Vt. at 330, 503 A.2d at 1142, that § 4472 remains the exclusive remedy for landowners despite a board's issuance of deficient findings, we concluded that because the landowners "failed to challenge the Board's decision by the exclusive remedy of direct appeal, they became bound by that denial, and the superior court was without jurisdiction to declare the request for a variance granted [by operation of law]." *McGlynn*, 148 Vt. at 343, 533 A.2d at 1190 (internal citation omitted).[5]

---

[4] Landowners rely on the language of *Potter* to support their position that § 4470(a) applies. They neither addressed, nor cited our decision adverse to their position in, *McGlynn*.

[5] The Court in *McGlynn* held that the "Declaratory Judgments Act, 12 V.S.A. §§ 4711-4725, does not enlarge the subject matter jurisdiction of the courts," thus precluding that method of challenge in these cases. *Id.* at 343, 533 A.2d at 1189-90. *In re Lionni*, 160 Vt. 625, 648 A.2d 832 (1993) (mem.), was a declaratory judgment case in which the city sought validation for the Burlington Planning Commission's bylaw authorizing that commission to act upon a concurrence of less than a majority of its members and appealed the superior court's invalidation of a zoning permit granted by three members of the seven-member commission. *Id.* at 625, 648 A.2d at 832-33. We agreed with the declaratory judgment ruling as to the invalidity of the bylaw, but again clarified that a challenge to the zoning permit must proceed pursuant to chapter 117 of Title 24. *Id.* at 626, 648 A.2d at 833.

■ ¶ 17. *McGlynn* controls our analysis in this case. Landowners here, while not seeking a declaratory judgment, collaterally attacked the Board's allegedly defective decision in the environmental court and sought to avoid the jurisdictional bar of § 4472 by relying upon the deemed approval remedy of § 4470(a). We hold today, further clarifying our past decisions in *McGlynn* and *City of Rutland,* that for the "deemed approval" remedy to be effectuated, a party must seek court affirmance of the applicability of the statutory remedy through direct appeal of a zoning board's action or lack thereof. This approach prevents landowners from unilaterally determining that their rejected application is deemed approved and maintains the statutory purpose of the deemed approval remedy while avoiding the grant of permits wholly at odds with zoning ordinances. See *Newton,* 167 Vt. at 465, 708 A.2d at 918. It also upholds the legislative intent evident in § 4472 to limit remedies in zoning contests, ensure finality of decision making, maintain orderly governance in development, and allow reasonable reliance on the statutory process. See *Levy,* 152 Vt. at 142-43, 564 A.2d at 1364. Given this holding, Landowners' claim that their application was deemed approved is barred from consideration.

■ ¶ 18. This holding is consistent with our prior decisions applying the deemed approval remedy. Those cases, and all of the cases cited by Landowners in support of their claim for the application of § 4470(a), did not present the jurisdictional issue found both here and in *McGlynn.* These past decisions involved direct appeals from an adverse decision of a zoning board or its equivalent. See *In re Reynolds,* 170 Vt. 352, 353, 749 A.2d 1133, 1133 (2000) (direct appeal to environmental court following approval of application); *Newton,* 167 Vt. at 461, 708 A.2d at 916 (direct appeal of adverse zoning decision to environmental court claiming ZBA vote ineffective); *Fish,* 150 Vt. at 463, 554 A.2d at 257 (appellants filed a timely appeal from written denial of application for conditional use approval); *In re 66 N. Main St.,* 145 Vt. 1, 2, 481 A.2d 1053, 1054 (1984) (partnership appealed zoning board decision denying variance following statutorily defective vote); *City of Winooski v. Barnes,* 142 Vt. 27, 28-29, 451 A.2d 1140, 1140 (1982) (direct appeal from adverse ruling by board of appraisers); *Potter,* 137 Vt. at 446, 407 A.2d at 171 (direct appeal of zoning board's adverse decision to superior court contesting adequacy of findings). Accordingly, we hold that a landowner cannot fail to appeal an adverse decision of a zoning board and then rely upon the deemed

approval remedy provided by § 4470(a) to circumvent the exclusive remedy provisions and corresponding jurisdictional bar of § 4472.

*Affirmed.*

