**STATE OF VERMONT**
**ENVIRONMENTAL COURT**

|  |  |  |
|---|---|---|
| | } | |
| **Appeal of Postma** | } | **Docket No. 235-12-04 Vtec** |
| | } | |

**Decision and Order on the**
**City's Motion for Summary Judgment**

Appellants James and Barbara Postma appealed from a decision of the Development Review Board of the City of Burlington (DRB), dated November 22, 2004, denying a request to delete a specific condition from a previously approved permit for the construction of a single family dwelling. Appellants represent themselves; the City of Burlington (City) is represented by Kimberlee J. Sturtevant. The City has moved for summary judgment.

The following facts are undisputed:

1. Appellants are the owners of property at 147 Appletree Point Road in the City of Burlington.

2. The property lies within the City's Waterfront Residential-Low Density zoning district.

3. On June 3, 2003, Appellants obtained a Zoning Permit, a Certificate of Appropriateness, and a Conditional Use Approval for the construction of a new single family dwelling on their property.

4. The June 3, 2003 Permit, Certificate and Use Approval each included a condition that required the payment of an impact fee seven days before the Applicant could obtain a Certificate of Occupancy.[1]

5. The Applicant chose not to appeal the 2003 Permit, Certificate or Use Approval.

6. On November 2, 2004, Appellants applied to "amend [their] application to delete [the] condition of approval" imposing the impact fee. *See Exhibit C attached to the Town's Motion for Summary Judgment.*

7. Appellants specifically requested that the condition to pay the impact fee be removed from the 2003 Permit, Certificate and Use Approval.

---

[1] *See Exhibits A & B attached to the City's Motion for Summary Judgment.* By a "Warning Letter" dated December 30, 2004, Appellants were informed that by failing to obtain a Zoning Certificate of Occupancy prior to actually occupying the completed single family dwelling, they were in violation of the City's Zoning Ordinance. *See Exhibit F attached to the City's Motion for Summary Judgment.* On January 2, 2005, Appellants were issued a Temporary Zoning Certificate of Occupancy, which is valid for 10 days from the final adjudication of this appeal. *See Exhibit G attached to the Town's Motion for Summary Judgment.*

8. The DRB denied Appellants' 2004 application on finality grounds.

9. Appellants timely appealed from that 2004 DRB decision to this Court. Appellants then filed a Statement of Questions, all of which reference the 2003 impact fee condition.

The City filed a Motion for Summary Judgment, with Exhibits and a signed Affidavit from the City's Zoning Administrator. The City argues on summary judgment that Appellants' appeal is barred by the doctrine of finality as provided for in 24 V.S.A. §4472(a). The Appellants did not file any opposition to the City's Motion.

The legislature has made the doctrine of finality applicable to zoning disputes through 24 V.S.A. § 4472, which states that "the exclusive remedy of an interested person with respect to any decision or act taken, or any failure to act, . . . [by the DRB] shall be the appeal to . . . the environmental court." 24 V.S.A. § 4472(a). Appeals from a DRB decision must be taken within 30 days of that decision. Vermont Rules of Civil Procedure 76(e).[2] In the absence of a timely appeal, interested persons are bound by decisions of the DRB, and they "shall not thereafter contest, either directly or indirectly, such decision or act ... in any proceeding." 24 V.S.A. §4472(d); In re Ashline, 175 Vt. 203, 206 (2003).

The Supreme Court has instructed that the exclusivity of remedy provision be strictly construed, Town of Sandgate v. Colehamer, 156 Vt. 77, 84 (1990), and that "the broad and unmistakable language of [the exclusivity of remedy] provision is designed to prevent any kind of collateral attack on a zoning decision that has not been properly appealed through the mechanisms provided by the municipal planning and development statutes." City of South Burlington v. Dep't of Corr., 171 Vt. 587, 588-89 (2000).

In the present case, the DRB, Zoning Administrator, and Planning Director issued decisions approving Appellants' application on June 3, 2003. It is undisputed that Appellants did not timely appeal the issuance of these approvals, or their conditions. As such, those approvals, and their conditions, became final. Therefore, Appellants were bound by those approvals, including the impact fee conditions, and cannot now contest them.

---

[2] At the time Appellants' application was approved, the time limit for appeals from municipal zoning boards to the Environmental Court was controlled by V.R.C.P. 76(e). Currently, the time limit for appeals to the Environmental Court from municipal zoning boards, which remains 30 days, is now found at Vermont Rules for Environmental Court Proceedings 5(b).

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that the City's Motion for Summary Judgment is **GRANTED**, thereby concluding this appeal.

Done at Berlin, Vermont, this 14th day of July, 2005.

_____
Thomas S. Durkin, Environmental Judge

Date _____ copies sent to:                              Clerk's initials: _____

James & Barbara Postma
Attorney Sturtevant

_____