STATE OF VERMONT
ENVIRONMENTAL COURT

|   |   |   |
|---|---|---|
| **Smith NOV Appeal** | } } } | **Docket No. 117-5-06 Vtec** |

## Interim Decision on Summary Judgment Motion

Dennis Smith appealed the Town of Wallingford Zoning Board of Adjustment ("ZBA") dismissal of his challenge to a Notice of Violation issued on March 29, 2006 by the Town of Wallingford Zoning Administrator ("Zoning Administrator"). The Town of Wallingford ("Town") filed a summary judgment motion, requesting that the Court dismiss the pending appeal. Mr. Smith ("Appellant") opposes the Town's motion.

Appellant is represented by John H. Bloomer, Jr., Esq.; the Town is represented by John S. Liccardi, Esq.; interested persons George and Jill Burkett are represented by Stephanie A. Lorentz, Esq.; and interested person Karen Lamay represents herself.

## Background

As discussed in our previous Decision of December 18, 2006, Appellant applied on December 8, 2005 for site plan approval to move a construction business to his property at 2243 U.S. Route 7 (Application No. 05-69).[1] The Planning Commission denied that application for incompleteness. On February 7, 2006, Appellant submitted Application No. 06-10, again seeking site plan approval to move the construction business. The Planning Commission held a hearing on Application No. 06-10 and issued a written decision on March 17, 2006, finding that the application was again incomplete and denying it. Appellant thereafter appealed the Planning Commission denial to this Court; it is the subject of a separate appeal: Smith Site Plan Application Appeal, Docket No. 74-4-06 Vtec (filed Apr. 12, 2006).

On March 29, 2006, the Town Zoning Administrator issued a Notice of Violation ("NOV") to Appellant, citing two alleged violations. The first violation was for changing the use of the Route 7 property to a contractor's yard without first obtaining a change of use permit, as required by the Town Zoning Regulations ("Regulations"). The second violation was for filling

---

[1] All facts recited in this Decision have been represented by the parties as being undisputed unless otherwise noted. Where disputed, we have viewed such facts in a light most favorable to Appellant, who is the non-moving party. Christman v. Davis, 179 Vt. 99, 101 (2005).

in an area that is considered floodway beyond the scope of previous permits, in violation of the Town Flood Plain Management Ordinance ("Flood Plain Ordinance").  On April 12, 2006, Appellant filed a timely appeal of the Notice of Violation, on a form supplied by the Town, entitled "Appeal of Zoning Administrator's Decision."  A copy of the Appeal form Appellant completed and submitted to the ZBA is attached to the Town's summary judgment motion.

On Appellant's completed appeal form, in the blank next to the section titled "Relief requested by the appellant", Appellant hand-wrote in the following explanation:  "To fill to as original permit obtained by Kevin Brown→ To level off where previous landowner had started." In the section entitled "Alleged grounds why the relief requested is believed proper", Appellant hand-wrote in the following explanation:  "we filled (said land) was filled in accordance/adherence to permit obtained by current landowner Kevin Brown + we brought up to normal grade."  Nowhere on this completed form did Appellant reference the change of use violation.

The ZBA held a hearing on the appeal on April 27, 2006.  Appellant received notice of the scheduled hearing, but chose not to attend.  The ZBA thereafter issued a written decision on May 2, 2006 "to vacate Application 06-21 and dismiss" Appellant's appeal.

Appellant filed the timely appeal now pending before this Court of the ZBA decision dismissing and vacating his NOV appeal.

**Discussion**

The Town asserts in its pending motion that it is entitled to summary judgment, resulting in dismissal of the pending appeal, because Appellant did not preserve his right to have standing to file such an appeal with this Court.  The Town explains that the legal basis for its argument is that, because Appellant chose not to appear at the April 27, 2006 ZBA hearing, he failed to "participate" in the ZBA proceedings and thus gave up his right to appeal the ZBA decision to this Court.

Summary judgment "provides a mechanism for the disposition of issues, claims, and defenses which do not merit a full trial." Gore v. Green Mountain Lakes, Inc., 140 Vt. 262, 264 (1981).  It is therefore appropriate only in the rare instances where the pleadings and other evidence "referred to in the statements [of material facts filed by the parties] . . . show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3).  In reviewing a pre-trial motion of this nature, our Supreme Court has

2

directed that the non-moving party is entitled to have all material facts viewed in a light most favorable to them and that judgment may only be entered against them if, when the facts are viewed in such a light, the applicable law requires the summary entry of judgment. Christman v. Davis, 179 Vt. at 101 (citations omitted).

Appeals of municipal zoning decisions are governed by 24 V.S.A. § 4465, which provides, in relevant part, that

> an interested person[2] may appeal any decision or act taken by the administrative officer in any municipality by filing a notice of appeal with the secretary of the board of adjustment or development review board of that municipality or with the clerk of that municipality if no such secretary has been elected. This notice of appeal must be filed within 15 days of the date of that decision or act, and a copy of the notice of appeal shall be filed with the administrative officer.

An appeal under § 4465 is "the exclusive remedy for contesting local zoning decisions or actions." In re Tekram Partners, 2005 VT 92, ¶ 8. Once an appeal is filed, the municipal panel to which the appeal was taken must set a date and place for a public hearing within sixty days of the appeal filing date. 24 V.S.A. § 4468. Section 4468 provides that "[a]ny person or body empowered by section 4465 of this title to take an appeal with respect to that property at issue may appear and be heard in person or be represented by an agent or attorney at the hearing." 24 V.S.A. § 4468 (emphasis added).

An interested person who is aggrieved by the appropriate municipal panel's decision may thereafter appeal to this Court, but only if they "participated" in the prior municipal proceeding. 24 V.S.A. § 4471(a). Participation is defined as "offering, through oral or written testimony, evidence or a statement of concern related to the subject of the proceeding." Id. Thus, we must determine if Appellant "participated" in the ZBA proceeding in order to address the legal issue raised by the Town's pending motion.

Here, Appellant filed his appeal on the form provided by the Town, but he did not appear at the hearing. The Town argues that due to Appellant's absence, he failed to retain his appeal rights. Appellant responds that he filed a timely written appeal of the NOV and that was all that was required of him.

---

[2] An "interested person" is defined as "a person owning title to property … affected by a bylaw, who alleges that the bylaw imposes on the property unreasonable or inappropriate restrictions of present or potential use under the particular circumstances of the case." 24 V.S.A. § 4465(a)(1). No party here disputes that Appellant fits this statutory definition of "interested person."

We note that while 24 V.S.A. § 4468 states that an interested person "may appear and be heard in person," it does not compel such in-person participation. The option to appear in person that is afforded by § 4468 is exactly and only that – an option. Personal appearance is not required by either § 4471 or § 4468. Therefore, Appellant's failure to appear at the hearing below in no way bars his appeal to this Court.

We next look to the information Appellant provided on his appeal form to determine the scope of this appeal. Appellant's hand-written notes can be characterized as "evidence" and "statements of concern," thus fulfilling the § 4471(a) definition of "participation." However, an examination of what Appellant stated reveals references to only one of the two violations noticed by the Zoning Administrator's March 29, 2006 letter: the allegation that he filled in the floodway in violation of the Flood Plain Ordinance. Appellant made no reference to the change of use violation.

Since Appellant relies only upon this completed form as the basis for his NOV appeal and chose not to attend the ZBA hearing to offer some "evidence" or "statement of concern" as to the first allegation that he illegally changed the use of his property, we must conclude that he did not properly appeal this violation allegation to the ZBA and is not now entitled to appeal it to this Court.

"In the absence of a timely appeal, interested persons are bound by decisions [below], and they shall not thereafter contest, either directly or indirectly, such decision or act . . . in any proceeding" In re Ashline, 175 Vt. 203, 206 (2003) (internal quotations and citations omitted). Having not timely appealed the change of use violation, Appellant is bound by the Notice of Violation with respect to that issue. 24 V.S.A. § 4472(d). Thus, we conclude that Appellant is limited in this appeal to contesting the allegation that he filled in a floodway in violation of the Flood Plain Ordinance and may not now contest the Zoning Administrator's first violation allegation. The latter is now final and no longer appealable.

4

For the foregoing reasons, the Town's motion for summary judgment is hereby **GRANTED** in part, with respect to the change of use violation, and **DENIED** in part, with respect to the Flood Plain Ordinance violation.

Done at Berlin, Vermont this 21st day of December, 2006.

_____
Thomas S. Durkin, Environmental Judge