STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Century Partners, LP | } | Docket Nos. 136-7-08 Vtec and |
| Certificate of Occupancy Application | } | 201-9-08 Vtec |
| | } | |

<u>Decision and Order on Motion to Reconsider and/or Alter or Amend Judgment</u>

In Docket No. 136-7-08 Vtec, Appellant-Applicant Century Partners, LP appealed from a decision of the Development Review Board (DRB) of the City of South Burlington remanding to the Administrative Officer Appellant-Applicant's application for Certificate of Occupancy for 2 Market Street, which the Administrative Officer had denied in a March 18, 2008 decision. In Docket No. 201-9-08 Vtec, Appellant-Applicant Century Partners, LP appealed from a decision of the DRB upholding the Administrative Officer's June 30, 2008 denial of a Certificate of Occupancy for 2 Market Street. Appellant-Applicant (Applicant) is represented by Erin Miller Heins, Esq.; the City is represented by John Klesch, Esq.

The City has moved for the Court to reconsider its January 30, 2009 Decision and Order on Cross-Motions for Summary Judgment (January 2009 Decision), which granted Applicant's Motion for Summary Judgment in both appeals, and the related February 4, 2009 Judgment Order, which required the Administrative Officer to issue a Certificate of Occupancy for 2 Market Street. By agreement of the parties, the decision on this motion was coordinated with the motions in the two Notice of Violation cases, Docket Nos. 177-8-08 Vtec and 191-8-08 Vtec, also issued today.

Relief pursuant to a motion to reconsider is an "extraordinary remedy that should be used sparingly." <u>Appeal of Van Nostrand</u>, Nos. 209-11-04 Vtec, 101-5-05 Vtec., slip op. at 4 (Vt. Envtl. Ct. Dec. 11, 2009) (Durkin, J.) (internal quotations omitted).

1

The limited functions of a motion to reconsider are "'to correct manifest errors of law or fact' on which the decision was based, to allow the moving party to present newly discovered or previously unavailable evidence, to prevent manifest injustice, or to respond to an intervening change in the controlling law." In re Vanishing Brook Subdivision, No. 223-10-07 Vtec, slip op. at 4 (Vt. Envtl. Ct. July 10, 2008) (Wright, J.) (quoting 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2810.0). The decision to grant relief pursuant to a motion to reconsider is "committed to the court's sound discretion." Rubin v. Sterling Enters., 164 Vt. 582, 588 (1996).

The Court has thoroughly reviewed its January 2009 decision and the parties' briefs on the motion to reconsider, and declines to reconsider the result. However, it is important for the parties to understand the scope of that decision, in relation to the decision in the Notice of Violation cases involving the same property, also issued today.

As discussed in the January 2009 Decision, the then-Planning Commission approved Applicant's application for an amendment to a Planned Unit Development (PUD). The Planning Commission's PUD approval decision contained a condition which required Applicant subsequently to submit a revised landscaping plan for approval by the City Planner, rather than for the Planning Commission's approval. The January 2009 Decision determined that a landscaping plan, which was allegedly submitted to the City Planner but never approved by the Planning Commission, was neither part of the application nor part of the Planning Commission's decision, so that failure to comply with this landscaping plan could not be the basis for denying Applicant's Certificate of Occupancy twelve years after the Planning Commission's approval.

The present motion argues that the Court's ruling amounts to an invalidation of the Planning Commission's condition that required Applicant's subsequent submission

of a landscaping plan. Such invalidation would be prohibited by 24 V.S.A. § 4472(d).[1] However, the January 2009 Decision did not rule that the Planning Commission's approval of the PUD amendment was invalid, or that any of its conditions was invalid.

Rather, the Court ruled that the disputed landscaping plan, submitted after Planning Commission approval of the PUD amendment, and never itself approved by the Planning Commission, was not enforceable. The decision stated that "there is no authority for the Planning Commission (or any municipal panel) to delegate to a staff member such as the City Planner the subsequent approval of plans that are within the jurisdiction of the Planning Commission (or that panel)." January 2009 Decision, slip op. at 5 (citing In re Woodstock Cmty. Trust, Inc., Nos. 263-11-06 Vtec, 126-6-07 Vtec, slip op. at 8–9 (Vt. Envtl. Ct. Oct. 3, 2007) (Wright, J.)).

The issue of whether the landscaping associated with the 2 Market St. building is in compliance with any approved site plan remains for Docket No. 177-8-08 Vtec and for the related enforcement case: Docket No. 271-11-08 Vtec.

Accordingly, it is hereby ordered and adjudged that the City's Motion to Reconsider and/or Alter or Amend Judgment is DENIED.

Done at Berlin, Vermont, this 15th day of September, 2009.

_____
Merideth Wright
Environmental Judge

---

[1] Under 24 V.S.A. § 4472(d), unappealed decisions of municipal boards are final and cannot be challenged, "directly or indirectly." Section 4472(d) applies even where the municipal board's decision was outside the scope of its authority. See In re Ashline, 2003 VT 30, ¶ 10, 175 Vt. 203 (citing Levy v. Town of St. Albans Zoning Bd. of Adjustment, 152 Vt. 139, 143 (1989)).