**State of Vermont**
**Superior Court—Environmental Division**

=======================================================================
# E N T R Y  R E G A R D I N G  M O T I O N
=======================================================================

**Vermont Agency of Natural Resources v. Earle**          **Docket No. 145-10-11 Vtec**
**(ANR Enforcement Administrative Order)**

Title: Motion Concerning Hearing Request

Filed: November 10, 2011

Filed By: Raymond Earle, Pro Se

Response in Opposition received from ANR during motion hearing on Dec. 5, 2011.


___ Granted                     _X_ Denied                          ___ Other


Mr. Earle has requested that the Court consider as timely filed his request for hearing he alleges that he mailed, requesting that this Court review an Administrative Order ("the AO") issued against him by the Vermont Agency of Natural Resources ("ANR"). ANR served Mr. Earle with the AO on September 26, 2011 and filed the AO with this Court on October 3, 2011. The AO alleges that Mr. Earl failed to follow acceptable management practices and that his management practices resulted in discharges of materials to waters of the State at multiple project sites, resulting in a violation of 10 V.S.A. § 1259(a). The AO cites multiple violations resulting from Mr. Earle's logging operations at five different sites.

Requests for hearings in administrative environmental law enforcement actions are governed by 10 V.S.A. § 8012. In an effort to expedite judicial review of environmental enforcement cases, the Vermont Legislature included relatively restrictive hearing request deadlines under 10 V.S.A. § 8012(c). One such deadline is that notice of a respondent's request for hearing must be filed within 15 days of the receipt of an administrative order. 10 V.S.A. § 8012(c). Both the statutory provision and the AO served on Mr. Earle require that he file his request for hearing within 15 days and that it be filed "with the environmental division [of the superior court] and the [ANR] secretary." 10 V.S.A. § 8012(a). Since Mr. Earle was served with the AO on September 26, 2011, he was required to file his request for a hearing with the ANR Secretary and this Court by October 11, 2011.

In an affidavit filed with the Court, Mr. Earle claims to have sent a letter requesting a hearing to the ANR offices in Waterbury on October 2, 2011. He asserts to having sent the request to ANR, using an address at "Cottage Street" in Waterbury. However, there is no Cottage Street in the Town of Waterbury; the AO directed Mr. Earle to send his request for hearing to the ANR offices at 103 South Main Street/Old Cannery in Waterbury. ANR asserts it has no record of receiving a letter from Mr. Earle. At the Dec. 5, 2011 hearing on this motion, Mr. Earle informed the Court that the letter he attempted to send to the ANR at "Cottage Street" was returned to him as undeliverable.

Mr. Earle made no representations about any further efforts to file his hearing request with ANR or this Court.  Mr. Earle made no other attempt to reach ANR or this Court until he received our October 17, 2011 Order making the AO a final judgment.  The Court thereafter received a letter from Mr. Earle on October 20, 2011, where Mr. Earle first made the representation that he had filed a request for hearing.  After this Court requested more specific evidence from Mr. Earle that he had filed a timely hearing request, we received his affidavit on October 26, 2011.

Our jurisdiction in appeal proceedings is limited to those maters where a timely appeal has been filed; where a timely appeal has not been filed, this Court has no jurisdiction to consider the appeal.  In re Ashline, 2003 VT 30, ¶ 8, 175 Vt. 203 ("Failure to file a timely appeal . . . deprives the environmental court of jurisdiction . . . ."). While the current proceeding concerns our original jurisdiction over an ANR environmental enforcement action, we find the Ashline precedent analogous: when Mr. Earle failed to file a timely notice of hearing, he deprived this Court of the jurisdiction to review the AO anew under the applicable provisions of 10 V.S.A. § 8012.

After conducting a hearing on the pending motion, we conclude that Mr. Earle did not file a request for a hearing on the AO, either with this Court or ANR, before the expiration of the statutory deadline.  Therefore, we **DENY** Mr. Earle's request that he be granted a hearing to contest the conclusion and penalty provisions of the AO.  We further conclude that our Order of October 17, 2011 remains in effect.  Specifically, the AO issued against Mr. Earle is a final Judicial Order pursuant to 10 V.S.A. § 8008(d)(2).

_____          ___December 7, 2011___
        Thomas S. Durkin, Judge                              Date

===============================================================================

Date copies sent to: _____                        Clerk's Initials _____
Copies sent to:
  Raymond Earle, Pro Se
  John Zaikowski, Esq., Attorney for the Vermont Agency of Natural Resources