STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
| | Docket No. 31-3-16 Vtec |

| | |
|---|---|
| **TOWN OF LYNDON,**           **Plaintiff,** <br><br> v. <br><br> **ALAN BRINK and TONYA BRINK,**           **Defendants.** | **DECISION ON MOTION** |

## Decision on Town's Motion for Summary Judgment

This action was initiated by the Town of Lyndon seeking a judgment against Defendants Alan Brink and Tonya Brink (the Brinks) in the amount of $12,900 stemming from a violation of the Town's zoning Bylaws. The Town now moves for summary judgment. The Town is represented by Robert A. Gensburg, Esq., and the Brinks are self-represented.

## Factual Background

For the sole purpose of putting the pending motion into context, the Court recites the following facts, all of which either the parties represent are undisputed, or we have determined not to be disputed based on the parties' respective factual representations:

1. Prior to June 27, 2014, the Brinks installed an above-ground pool on their property in the Town of Lyndon without a zoning permit.

2. On June 27, 2014, the Town sent a letter to the Brinks notifying them that a permit was required for the pool. The Brinks received the letter on June 28, 2014, and did not respond.

3. On July 8, 2014, the Town's zoning administrator (ZA) issued a Notice of Violation (NOV) informing the Brinks that the pool violated Section 13.2.1 of the Town's zoning Bylaws ("the Bylaws").

4. The Brinks appealed the NOV to the Town Development Review Board (DRB). On August 7, 2014, the DRB affirmed the NOV. The decision issued by the DRB explained that it could be appealed to the Environmental Division within 30 days. Mot. Summ. J. Ex. 1.

5. The Town mailed notice of the August 7, 2014 decision to the Brinks at the last address provided to the Town by certified mail, return receipt requested, on August 22, 2014. The notice was returned to the Town with a notation that it had not been claimed and could not be forwarded. Mot. Sum. J. Ex. 1.

6. On November 4, 2014, the Town's administrative officer sent notice to the Brinks that the Town Selectboard would impose a fine of $50.00 per day starting on November 10, 2014 unless the Brinks, by November 10, 2014, either removed the pool or applied for a zoning permit. The Brinks received this notice on November 6, 2014.

7. The Brinks applied for a zoning permit on November 17, 2014. On December 30, 2014, the ZA notified the Brinks by mail that their zoning application was incomplete. The notice stated that the Town would assess a $50.00 penalty per day if a complete application was not filed by January 5, 2015. Mot. Summ. J. Ex. 4.

8. The Brinks filed a complete zoning application on January 5, 2015. The DRB held a hearing and denied the application on January 15, 2015. Neither of the Brinks were present at the hearing. The Brinks did not appeal the January 15, 2015 denial.

9. On February 9, 2015, the Town Selectboard imposed a fine of $10.00 per day beginning January 16, 2015 until the Brinks cured the violation of the Bylaws, or to May 1, 2015. The ZA sent written notice of the fine to the Brinks on February 10, 2015. Mot. Summ. J. Ex. 5.

10. The Brinks assert in their Opposition that the Town suspended the fine at the April 2015 Selectboard meeting because the Brinks agreed to remove the pool in May once the ice thawed. The Brinks removed the water and liner from the pool in May 2015, but allowed the metal framing for the pool to remain in place. The Brinks asserted that the frame was no longer being used as a pool and that the pool had been timely removed. The Town disagreed.

11. On May 14, 2015, the Brinks filed a second permit application for their pool. The DRB denied the application on June 4, 2015.

12. On June 15, 2015, the Town Selectboard imposed a fine of $100.00 per day until the Brinks removed the pool or complied with the 25-foot setback specified in the Bylaws. The ZA

2

sent the Brinks written notice of the violation and fines on June 16, 2015. Mot. Summ. J. Ex. 7.

13. On June 17, 2015, the Brinks filed a third permit application for the pool. The DRB denied the application on July 16, 2015. The decision explains that it could be appealed to the Environmental Division within 30 days. Mot. Summ. J. Ex. 9.

14. On October 20, 2015, the Brinks removed the pool frame from their property.

## Discussion

### I.     Finality of the Finding of a Violation

The Brinks argue that the Bylaws do not require a permit for an above-ground pool. They also assert that as of May 2015, the structure that was the subject of the alleged Bylaw violation was no longer being used as a pool, but instead was being used as a fence to surround their garden.

The Town responds that the Brinks are now foreclosed from making these legal arguments because they failed to appeal the DRB decision to uphold the July 8, 2014 NOV issued against them by the Zoning Administrator.

The undisputed material facts and applicable law convince us to agree with the Town. Pursuant to 24 V.S.A. § 4472, a DRB decision must be appealed within 30 days. In re Ashline, 2003 VT 30, ¶ 8, 175 Vt. 203. If no appeal is made in that time, the DRB decision becomes final and binding and cannot be challenged in a subsequent proceeding. Id. Here, the DRB decision determined that the Bylaws require a permit for an above-ground pool, and that the Brinks' pool violated this requirement. This decision was not appealed, and thereafter became final and binding. The Brinks are therefore foreclosed from challenging the Town's assertion that they violated the Bylaws.[1]

---

[1] The Town also points out that the Brinks did not appeal the various letters from the ZA notifying them of the fines that would be imposed. The Brinks respond that these letters did not tell them that they could appeal. The letters all stem from the initial June 27, 2014 notice of violation, and do not raise new or different violations. The Brinks therefore did not have a right to appeal the letters. They do have the right, however, to challenge the penalty amount in the matter now before the Court.

## II. Whether Summary Judgment may be Entered on the Town's Penalty Claims

Because the NOV and subsequent DRB decision upholding the NOV are final, our role is limited to determining the appropriate penalty.

We have discretion to determine the appropriate penalty for a zoning violation. City of St. Albans v. Hayford, 2008 VT 36, ¶ 17, 183 Vt. 596 (mem.). In exercising this discretion, we balance any continuing violation against the cost of compliance, and consider other relevant factors, including those set out in the Uniform Environmental Law Enforcement Act at 10 V.S.A. § 8010(b).[2] Id. The fine must not be punitive, and must be "rationally related to the damages suffered from landowner's violation of [the] Town's bylaw." Hinesburg v. Dunkling, 167 Vt. 514, 527–28 (1998). We impose the maximum daily penalty only for "the most egregious of zoning infractions." In re Huntington NOV Appeal and Town of Bradford v. Huntington, Nos. 204-8-06 Vtec and 209-9-06 Vtec, slip op. at 8 (Vt. Envtl. Ct. Mar. 18, 2008) (Durkin, J.).

This act of exercising our discretion in determining the appropriate measure of fines requires us to assess the conflict and weigh the credibility of the applicable facts asserted by the Town and Defendants. The Town asserts that they are entitled to more than $14,000 in fines, and that figure does not rely upon a presentation of the Town's expenses in prosecuting Defendants' zoning violations. Defendants assert that they owe no fines, given what they claim is the modest nature of their zoning violations and their allegation that the violations no longer exist. These and related assertions by each party are the disputed material facts that this Court must consider when evaluating the standards established in the Uniform Environmental Enforcement Act. Because the parties have presented conflicting material facts, we are not permitted to render summary judgment. See V.R.C.P. 56(a) and Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (directing that a trial court evaluating a motion for summary judgment must accept as true the factual allegations made in opposition to the motion for summary judgment, and give the non-moving party the benefit of all reasonable doubts and

---

[2] The Uniform Environmental Enforcement Act is codified at 10 V.S.A. §§ 8001–8021. While this Act does not directly govern municipal zoning enforcement actions, but rather governs environmental enforcement actions brought against alleged violators by state agencies, we have relied upon the factors contained in 10 V.S.A. § 8010(b) in assessing the appropriate level of fines in municipal zoning enforcement actions, and that practice has been affirmed by the Supreme Court. City of St. Albans v. Hayford, 2008 VT 36 at ¶ 17, 183 VT 596 (mem.).

inferences). We must therefore decline the Town's request for summary judgment and require the parties to present their evidence at trial.

Given our conclusion that the zoning violation has become final and cannot be challenged in this proceeding, we will only allow the parties to present evidence at trial that pertains to the appropriateness of fines. We encourage the parties to review the standards for fines provided in 10 V.S.A. § 8010(b).

### Conclusion

For all the reasons stated above, we enter partial summary judgment for the Town, concluding that the zoning violations asserted in the July 8, 2014 NOV have become final and may not be challenged in this proceeding. However, we **DENY** the Town's request that we enter summary judgment for a specific level of fines, given that the parties have presented a dispute upon the facts that will be material to our analysis of the appropriate level of fines. We direct the parties, within the next thirty (30) days, to provide the Court with their, and their witnesses', unavailable dates for trial during the months of February and March, 2017, so that the Court Manager may schedule this matter for trial.

Electronically signed on December 15, 2016 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division